1　Steven D. Allison (CSB No. 174491)
　　sallison@crowell.com
2　CROWELL & MORING LLP
　　3 Park Plaza, 20th Floor
3　Irvine, CA  92614-8505
　　Telephone: 949.263.8400
4　Facsimile: 949.263.8414

5　Gregory D. Call (CSB No. 120483)
　　gcall@crowell.com
6　CROWELL & MORING LLP
　　275 Battery Street, 23rd Floor
7　San Francisco, CA 94111
　　Telephone: 415.986.2800
8　Facsimile: 415.986.2827

9　Attorneys for Defendants Target Corporation
　　and Luxottica Retail North America Inc.
10　(erroneously sued as Luxottica Retail North America, LLC)

11

12　　　　　　**UNITED STATES DISTRICT COURT**

13　　　　　　**SOUTHERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15　Lillian Shallow, by and through her Guardian ad Litem, Kathleen Shallow, individually and on behalf of all others similarly situated, | Case No. 14CV0294 CAB BGS |
| 16 | **CLASS ACTION** |
| 17　　　　　　Plaintiff, | **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |
| 18　　　v. | |
| 19　Target Corporation, a Minnesota corporation; Luxottica Group S.p.A., an Italian corporation; Luxottica Retail North America, LLC, an Ohio Corporation, and Does 1 through 100, Inclusive. | **Complaint Filed: November 05, 2013** |
| 20 | |
| 21 | |
| 22 | |
| 23　　　　　　Defendant. | |

24

25　/ / /

26　/ / /

27　/ / /

28　/ / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW

CERTIFICATE OF SERVICE OF NOTICE TO
ADVERSE PARTY OF REMOVAL;
CASE NO. 14CV0294 CAB BGS

1    I, Enia A. Castillo, certify and declare as follows:

2    I am over the age of 18 years and not a party to this action.

3    My business address is 3 Park Plaza, 20th Floor, Irvine, California 92614,

4    which is located in the city, county, and state where the mailing described below

5    took place.

6    On February 7, 2014, I deposited in the United States mail at Irvine,

7    California, a copy of the Notice to Adverse Party of Removal to Federal Court

8    dated February 7, 2014, a copy of which is attached to this Certificate as Exhibit 1.

9    I declare under the penalty of perjury under the laws of the United States of

10   America and the State of California that the foregoing is true and correct.

11   Executed this 7th day of February, 2014, at Irvine, California.

12

13                                                 By: _____

14                                                      Enia A. Castillo
                                                        ecastillo@crowell.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW                    -1-

CERTIFICATE OF SERVICE OF NOTICE TO
ADVERSE PARTY OF REMOVAL;
CASE NO. 14CV0294 CAB BGS

Luxottica Retail North America Inc.'s

**INDEX OF EXHIBITS**

| Exh. # | Document Title | Pages |
|--------|----------------|-------|
| 1 | Notice to Adverse Party of Removal to Federal Court | 3-54 |

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

CERTIFICATE OF SERVICE OF NOTICE TO
ADVERSE PARTY OF REMOVAL;
CASE NO. 14CV0294 CAB BGS

# EXHIBIT 1

1   Steven D. Allison (CSB No. 174491)
    sallison@crowell.com
2   CROWELL & MORING LLP
    3 Park Plaza, 20th Floor
3   Irvine, CA  92614-8505
    Telephone:  949.263.8400
4   Facsimile:   949.263.8414

5   Gregory D. Call (CSB No. 120483)
    gcall@crowell.com
6   275 Battery Street, 23rd Floor
    San Francisco, CA  94111
7   Telephone:  415.986.2800
    Facsimile:   415.986.2827

8
    Attorneys for Defendant Target Corporation
9   and Luxottica Retail North America Inc.
    (erroneously sued as Luxottica Retail North America, LLC)
10

11      IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12        FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

13

| 14 | Lillian Shallow, by and through her Guardian ad Litem, Kathleen Shallow, individually and on behalf of all others similarly situated, | Case No. 37-2013-00074398-CU-MC-CTL |
|---|---|---|
| 15 | | **CLASS ACTION** |
| 16 | | **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |
| 17 | Plaintiff, | Complaint Filed:  November 5, 2013 |
| 18 | v. | |
| 19 | Target Corporation, a Minnesota corporation; Luxottica Group S.p.A., an Italian corporation; Luxottica Retail North America, LLC, an Ohio Corporation; and Does 1 through 100, inclusive, | |
| 20 | | |
| 21 | | |
| 22 | Defendant. | |

23

24   ///

25   ///

26   ///

27   ///

28   ///

CROWELL
& MORING LLP
ATTORNEYS AT LAW

NOTICE TO ADVERSE PARTY OF REMOVAL TO
FEDERAL COURT; CASE NO. 37-2013-00074398-CU-
MC-CTL

Ex. 1, Pg. 3

1  TO PLAINTIFF LILLIAN SHALLOW, BY AND THROUGH HER GUARDIAN

2  AD LITEM, KATHLEEN SHALLOW, HER ATTORNEY OF RECORD:

3      **PLEASE TAKE NOTICE** that a Notice of Removal of this action was filed

4  in the United States District Court for the Southern District of California on

5  February 7, 2014, under Federal Case No. 14CV0294 CAB BGS.

6      A copy of said Notice of Removal is attached to this Notice as Attachment 1,

7  and is served and filed herewith.

8

9  Dated:  February 7, 2014                CROWELL & MORING LLP

10

11                          By: _Steve Allison_

12                            Steven D. Allison

                          Attorneys for Defendants

13                          Target Corporation and

            Luxottica Retail North America Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

NOTICE TO ADVERSE PARTY OF REMOVAL TO
FEDERAL COURT; CASE NO. 37-2013-00074398-CU-
MC-CTL

Ex. 1, Pg. 4

# ATTACHMENT 1

1    Steven D. Allison (CSB No. 174491)
      sallison@crowell.com
2    CROWELL & MORING LLP
      3 Park Plaza, 20th Floor
3    Irvine, CA  92614-8505
      Telephone: 949.263.8400
4    Facsimile: 949.263.8414

5    Gregory D. Call (CSB No. 120483)
      gcall@crowell.com
6    CROWELL & MORING LLP
      275 Battery Street, 23rd Floor
7    San Francisco, CA 94111
      Telephone: 415.986.2800
8    Facsimile: 415.986.2827

9    Attorneys for Defendants Target Corporation
      and Luxottica Retail North America Inc.
10   (erroneously sued as Luxottica Retail North America, LLC)

11

12           **UNITED STATES DISTRICT COURT**

13      **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| Lillian Shallow, by and through her Guardian ad Litem, Kathleen Shallow, individually and on behalf of all others similarly situated, | Case No.    '14CV0294 CAB BGS |
| | **CLASS ACTION** |
| Plaintiff, | Miscellaneous Action (Statutory Action Under California Law) |
| v. | **NOTICE OF REMOVAL OF DEFENDANT LUXOTTICA RETAIL NORTH AMERICA INC.** |
| Target Corporation, a Minnesota corporation; Luxottica Group S.p.A., an Italian corporation; Luxottica Retail North America, LLC, an Ohio Corporation, and Does 1 through 100, Inclusive. | Complaint Filed: November 05, 2013 |
| Defendant. | |

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

IRACTIVE-6152371.1

NOTICE OF REMOVAL OF LRNA

## NOTICE OF REMOVAL OF DEFENDANT
## LUXOTTICA RETAIL NORTH AMERICA INC.

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE THAT Defendant Luxottica Retail North America Inc. ("LRNA"), erroneously sued as Luxottica Retail North America, LLC, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, hereby removes the above-captioned putative class action from the Superior Court of California, County of San Diego, to the United States District Court for the Central District of California.   Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon counsel for Plaintiff Lillian Shallow, by and through her Guardian ad Litem, Kathleen Shallow ("Plaintiff"), and filed with the Clerk of the California Superior Court of the County of San Diego.

### PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.   On November 5, 2013, Plaintiff filed a purported class action captioned *Lillian Shallow v. Target Corporation*, case number 37-2013-00074398-CU-MC-CTL, against Defendants Target Corporation ("Target"), Luxottica Group, S.p.A., and LRNA in the California Superior Court for the County of San Diego ("State Court Action").

2.   LRNA was served with the State Court Action Summons and Complaint on January 22, 2014.  This notice is therefore timely pursuant to 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon LRNA in the State Court Action are attached to this Notice as Exhibit A.

3.   The California Superior Court for the County of San Diego is located within the Southern District of California.  28 U.S.C. § 84(d).  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

/ / /

/ / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-                    NOTICE OF REMOVAL OF LRNA

IRACTIVE-6152371.1

**NO JOINDER NECESSARY**

4.      No other Defendants are required to consent to this removal.  28 U.S.C. § 1453(b).

**ALLEGATIONS OF THE COMPLAINT**

5.      This action is a putative class action against Defendants on behalf of "all individuals who, within four years preceding the filing of th[e] complaint, purchased eye examinations and/or eyewear at a Target store after examination by an optometrist affiliated with the Target store." (Ex. A, Compl. ¶ 15.)  Plaintiff alleges that Defendants "offer customers the ability to obtain both an eye examination from an optometrist and eyewear from an optician in its retail stores" in violation of California law. (*Id.* ¶ 28.)  Plaintiff also alleges that Defendants "further violated California law" by (1) "creating an atmosphere in which professional licensed optometrists operate for all practical purposes under the influence and control of Target retail stores" and (2) "advertising the joint nature of its optometrist-retail operation." (*Id.* ¶ 29.)

6.      On behalf of Plaintiff and the putative classes, the Complaint attempts to state claims for (1) violation of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200 *et seq.*; and (2) violation of California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.* (*Id.* ¶¶ 34-48.)  The Complaint seeks compensatory damages, statutory damages, restitution, disgorgement of profits, attorneys' fees, costs, punitive damages, pre-judgment interest, and injunctive relief. (*Id.* at 11-12, Prayer for Relief.)

7.      LRNA disputes Plaintiff's allegations, asserts Plaintiff lacks standing and the Complaint lacks merit, and denies that Plaintiff or the putative class members have been harmed in any way.[1]

---

[1] *See Key v. DSW Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-                    NOTICE OF REMOVAL OF LRNA

IRACTIVE-6152371.1

## BASIS FOR REMOVAL

8.     This action is within the original jurisdiction of this Court, and removal is therefore proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over putative class actions such as this one, in which the amount in controversy exceeds $5,000,000 and any member of plaintiffs is a citizen of a State different from any defendant.  Additionally, to be removable, the putative class must consist of 100 or more members.  28 U.S.C. § 1332(d)(5).  As set forth below, this action satisfies each of the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.  *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F. 3d 975 (9th Cir. 2013).

9.     This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B); 28 U.S.C. § 1453(a), (b).

### A.   The Proposed Class Consists of More Than 100 Persons.

10.     Plaintiff seeks to represent "all individuals who, within four years preceding the filing of this complaint, purchased eye examinations and/or eyewear at a Target store after examination by an optometrist affiliated with the Target store." (Ex. A, Compl. ¶ 15.)   From January 2010 to November 2013, there were well over 100 purchases of ophthalmic products at Target Optical locations in California based on a prescription from an optometrist located within a Target store. (*See* Ex. B., Boyle Decl. ¶ 4.)  Further, Plaintiff does not limit her Complaint to California; as a result, sales outside California are arguably also in controversy. Accordingly, based on Plaintiff's allegations and LRNA's records, the number of class members is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

/ / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW

IRACTIVE-6152371.1

-3-                    NOTICE OF REMOVAL OF LRNA

Ex. 1, Pg. 9
Attachment 1, Pg. 5

**B.     There is Minimal Diversity Between the Parties.**

11.     The required diversity of citizenship under CAFA is satisfied where, as here, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Plaintiff alleges that Defendant Target Corporation is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota, and that Defendant Luxottica Group, S.p.A. is an Italian corporation with its corporate headquarters in Milan, Italy.  (Ex. A, Compl. ¶¶ 5, 7.) Plaintiff also alleges that Defendant LRNA is an Ohio corporation with its corporate headquarters in Mason, Ohio.  (*Id.* ¶ 6.)  Thus, for purposes of removal, Target Corporation is a citizen of Minnesota, Luxottica Group, S.p.A. is an Italian citizen, and LRNA is a citizen of Ohio.  *See* 28 U.S.C. § 1332(c)(1).  Plaintiff, however, is citizen of California, and is therefore diverse from not only one, but all Defendants.  (Ex. A, Compl. ¶ 4.)

**C.     The Aggregate Amount in Controversy More Likely Than Not Exceeds $5,000,000.**

12.     "The general federal rule has long been to decide what the amount in controversy is from the complaint itself." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).  The Court engages in the amount-in-controversy analysis with an eye toward reaching a reasonable reading of the value of the rights being litigated. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648, No. 12-55052, 2012 WL 746276, at *1 (9th Cir. Mar. 8, 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

13.     Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-4-                                    NOTICE OF REMOVAL OF LRNA

IRACTIVE-6152371.1

Ex. 1, Pg. 10
Attachment 1, Pg. 6

1   value of $5,000,000, exclusive of interests and costs." 28 U.S.C. §§ 1332(d)(2),

2   (d)(6).  The Complaint seeks, among other relief, compensatory damages,

3   restitution, and attorneys' fees and costs.  (Ex. A, Compl. at 11-12, Prayer for

4   Relief.)  Without conceding any merit to the Complaint's damages allegations or

5   claims, the amount in controversy here satisfies CAFA's jurisdictional threshold.

6        14.     The Complaint does not specify an amount of damages sought.

7   Plaintiff states only that the "damages sought by the Class are well in excess of

8   th[e] [state court's] jurisdictional threshold of $25,000." (Exhibit A, Compl. ¶ 13.)

9   "[W]here it is unclear or ambiguous from the face of a state-court complaint

10   whether the requisite amount in controversy is pled . . . [w]e apply a preponderance

11   of the evidence standard." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699

12   (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th

13   Cir. 1996).  The preponderance of the evidence standard applies equally to

14   complaints filed under CAFA.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676,

15   683 (9th Cir. 2006).  In proving the amount in controversy the removing party "may

16   rely on calculations to satisfy their burden so long as their calculations are good

17   faith, reliable estimates based on the pleadings and other evidence in the record."

18   *Ellis v. Pac. Bell Tel. Co.*, No. SACV 10-01141-CJC(FFMx), 2011 WL 499390, at

19   *2 (C.D. Cal. Feb. 10, 2011) (citing *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d

20   999, 1004 (C.D. Cal. 2009)).

21        15.     Thus, in order to demonstrate federal jurisdiction under CAFA,

22   Defendant must establish by a preponderance of the evidence that the aggregate

23   damages sought by the class, exclusive of interest and costs, exceed $5,000,000.

24   The court may consider facts presented in the Complaint and removal petition as

25   well as any "summary-judgment-type evidence relevant to the amount in

26   controversy at the time of removal." *Singer v. State Farm Mut. Auto. Is. Co.*, 116

27   F.3d 373, 377 (9th Cir. 1997) (internal quotation marks omitted).

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-5-         NOTICE OF REMOVAL OF LRNA

IRACTIVE-6152371.1

Ex. 1, Pg. 11
Attachment 1, Pg. 7

16.     The amount in controversy with respect to compensatory damages and restitution exceeds $5,000,000.  The Complaint alleges that Plaintiff "would have not agreed to undergo what amounts to an illegal eye examination had she known that Defendants' joint enterprise was illegal/and or the rationales which prompted the California Legislature to ban the practice." (Ex. A, Compl. ¶ 33.) Plaintiff further alleges that she paid more for her eyewear than she otherwise would have if Defendants did not operate in violation of California law, and she alleges that Defendants caused financial damage to class members by, among other things, misrepresenting their "affiliation, connection, or association with, or certification by, another," and by "representing that the subject of a transaction had been supplied in accordance with a previous representation when it has not." (*Id.* ¶¶ 32, 44.2, 44.6 (internal quotation marks omitted).)  Plaintiff therefore appears to seek compensatory damages and restitution on behalf of the putative class for their purchases of eye examinations and/or eyewear. (*Id.* ¶¶ 32, 33, 44.)  Further, Plaintiff does not limit her Complaint to California.

17.     Target Optical is operated by LRNA pursuant to a contractual relationship with Target. (Ex. B., Boyle Decl. ¶ 2.) Plaintiff appears to be seeking compensatory damages and restitution for all purchases of ophthalmic products at a Target Optical location. (Ex. A, Compl. ¶¶ 32, 33, 44; *id.* at 11-12, Prayer for Relief.)  Target Optical's net revenue for all ophthalmic products sold in California for the last four years greatly exceeded $5,000,000. (Ex. B., Boyle Decl. ¶ 4.)

18.     The amount in controversy therefore meets the $5,000,000 requirement, even without considering Plaintiff's request for injunctive relief. (Ex. A, Compl. at 12, Prayer for Relief.)  Thus, while LRNA disputes that it is liable to Plaintiff or any of the putative class members, or that Plaintiff or the putative class members suffered any injury or incurred any damages in any amount whatsoever, for purposes of satisfying the jurisdictional prerequisites of CAFA, the amount in controversy exceeds $5,000,000.

CROWELL
& MORING LLP
ATTORNEYS AT LAW

IRACTIVE-6152371.1

-6-                     NOTICE OF REMOVAL OF LRNA

Ex. 1, Pg. 12
Attachment 1, Pg. 8

1       19.    Plaintiff also seeks an award of attorneys' fees. (*Id.*)  Attorneys' fees

2 are available under the CLRA and, in certain cases, under the UCL.  Cal. Civ. Code

3 § 1780(e); Cal. Civ. Proc. Code § 1021.5 (allowing attorneys' fees for a successful

4 party in cases resulting in a public benefit).  This amount is likewise properly

5 included in the amount in controversy calculation.  *See Mo. State Life Ins. Co. v.*

6 *Jones*, 290 U.S. 199, 202 (1933); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156

7 (9th Cir. 1998); *see also Guglielmino*, 506 F.3d at 700 (finding that 28 U.S.C. §

8 1332(a)'s amount in controversy requirement included attorneys' fees, where

9 attorneys' fees were claims, *inter alia*, under Section 1021.5). This Court and the

10 Ninth Circuit have established 25% of compensatory damages as "a fair estimate of

11 attorneys' fees."  *See Molnar v. 1-800-Flowers.com, Inc.*, NO. CV 08-0542 CAS

12 (JCx), 2009 WL 481618 (C.D. Cal. Feb. 23, 2009) (applying 25% of compensatory

13 damages as estimate of attorneys' fees under Section 1021.5 for CAFA removal

14 purposes); *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) ("This circuit

15 has established 25% of the common fund as a benchmark award for attorneys'

16 fees.").  Adding this amount to the above amount in controversy further

17 demonstrates that the amount in controversy greatly exceeds $5,000,000.

18      **D.    No CAFA Exclusion Applies.**

19       20.    This action does not fall within any exclusions to removal jurisdiction

20 recognized by 28 U.S.C. § 1332(d).  Accordingly, this action is removable pursuant

21 to CAFA, §§ 1332(d) and 1453(b).

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW

IRACTIVE-6152371.1

-7-        NOTICE OF REMOVAL OF LRNA

Ex. 1, Pg. 13
Attachment 1, Pg. 9



1   WHEREFORE, Defendant LRNA gives notice that the above-described

2   action pending against it in the Superior Court for the County of San Diego is

3   removed to this Court.

CROWELL & MORING LLP

4

Dated: February 7, 2014

5

6   By:   _s/ Steven D. Allison_
         Steven D. Allison
7        sallison@crowell.com
         Attorneys for Defendants
8        Target Corporation and
         Luxottica Retail North America Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-8-                    NOTICE OF REMOVAL OF LRNA

IRACTIVE-6152371.1

Case 3:14-cv-00294-CAB-BGS   Document 1-2   Filed 02/07/14   Page 9 of 11   14CV0294 CAB BGS

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lillian Shallow, by and through her Guardian ad Litem, Kathleen Shallow, individually and on behalf of all others similarly situated,

**(b)** County of Residence of First Listed Plaintiff   San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin V. Quinn, Benjamin I. Siminou at Thornes Bartolotta McGuire
2550 Fifth Avenue, 11th Floor, San Diego, California, 92103
619-236-9363

## DEFENDANTS
Target Corp., a Minnesota Corp.; Luxottica Group S.p.A., an Italian Corp., and Luxottica Retail North America, LLC, an Ohio Corp.

County of Residence of First Listed Defendant   Minnesota
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Steven Allison, Gregory Call, Crowell & Moring LLP
3 Park Plaza, Irvine, CA  92614-8505
949-263-8505

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | ☐ 365 Personal Injury - | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 367 Health Care/ | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Pharmaceutical Personal Injury | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 368 Asbestos Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | Injury Product | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Liability | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | **PERSONAL PROPERTY** | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 370 Other Fraud | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 371 Truth in Lending | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | ☐ 380 Other Personal | Leave Act | | Act |
| | Medical Malpractice | Property Damage | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 385 Property Damage | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Product Liability | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | **PRISONER PETITIONS** | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 463 Alien Detainee | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 510 Motions to Vacate | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | Sentence | | | |
| | Employment | ☐ 530 General | | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | | ☐ 550 Civil Rights | Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. section 1332(d); 28:1331 - Fed. Question
Brief description of cause:
Consumer class action under Cal. Business and Professions Code section 17200 and Cal. Civil Code section 1750

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.       DEMAND $         CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*   JUDGE Hon. Joel R. Wohlfeil, S.D. Super. Ct.   DOCKET NUMBER 37-2013-00074236

DATE
02/07/2014

SIGNATURE OF ATTORNEY OF RECORD
s/ Steven D. Allison

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

Luxottica Retail North America Inc.'s

## INDEX OF EXHIBITS

| Exh. # | Document Title | Pages |
|--------|----------------|-------|
| A | State Court Record | 11-36 |
| B | Declaration of Kevin Boyle | 37-38 |

-10-

INDEX OF EXHIBITS

IRACTIVE-6152339.1

Ex. 1, Pg. 16
Attachment 1, Pg. 12

# EXHIBIT A

1   Kevin F. Quinn (SBN 106224)
    Benjamin I. Siminou (SBN 254815)

2   Thornes Bartolotta McGuire LLP
    2550 Fifth Avenue, 11th Floor

3   San Diego, California 92103
    Tel: (619) 236-9363

4   Fax: (619) 236-9653

5   Attorneys for Plaintiff LILLIAN SHALLOW, by and
    through her Guardian ad Litem, KATHLEEN

6   SHALLOW

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN DIEGO

10

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

11/05/2013 at 03:36:25 PM

Clerk of the Superior Court
By Rebecca Vela, Deputy Clerk

11   Lillian Shallow, by and through her
    Guardian ad Litem, Kathleen Shallow,

12   individually and on behalf of all others
    similarly situated, and

13

14           Plaintiff,

15   v.

16

17   Target Corporation, a Minnesota
    corporation, Luxottica Group S.p.A., an

18   Italian corporation; Luxottica Retail
    North America, LLC, an Ohio

19   corporation; and Does 1 through 100,
    Inclusive.

20

21           Defendants.

Case No.:   37-2013-00074398-CU-MC-CTL

**Class-Action Complaint**

22

23       Plaintiff Lillian Shallow ("Plaintiff"), who, by and through her guardian ad litem,

24   Kathleen Shallow, brings this action on her own behalf and on behalf of all others similarly

25   situated, alleges on information and belief as follows:

                      NATURE OF THE ACTION

26       1.     This is a class-action lawsuit brought by Plaintiff on her own behalf and on

27

28   behalf of all other persons similarly situated, against Defendants Target Corp. (hereinafter

THORSNES BARTOLOTTA MCGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL (619) 236-9363
FAX (619) 236-9653

- 1 -
           CLASS-ACTION COMPLAINT

1  "Target"), Luxottica Group S.p.A., and Luxottica Retail North America, LLC for:

2        1.1.    Offering customers eye examinations and prescription eyewear in a

3  single retail location, in violation of Business & Professions Code sections 655, 2003, 2050,

4  2556, 3010.1, 3041, 3041.2, 3042, and 3055;

5        1.2.    Engaging in deceptive and/or unlawful business practices in violation

6  of Business & Professions Code section 17200 and Civil Code 1750, et seq.;

7        1.3.    Issuing false and misleading advertisements throughout the State of

8  California which violate Business & Professions Code section 17500 and Civil Code 1750,

9  et seq.;

10        1.4.    Disseminating patient/customers' confidential medical information

11  in violation of Civil Code section 56.

12      2.    The purpose of this action is to hold Defendants accountable for engaging in

13  false, misleading, fraudulent, and/or unlawful advertising, business practices, and/or

14  conduct in violation of California law.

15      3.    As a result of the violations described in paragraph 2, above, Plaintiff seeks

16  the following remedies for himself and for all others similarly situated:

17        3.1.    Restitution to the Class for the Defendants' misconduct complained

18  of herein;

19        3.2.    Disgorgement from Defendants of all monies obtained from the

20  Class members as a result of the unlawful, improper, and fraudulent business acts and

21  practices pled herein;

22        3.3.    Injunctive relief, including a prohibition of the practices employed by

23  the Defendants as complained of herein;

24        3.4.    Damages for violations of the Consumer Legal Remedies Act and the

25  Confidentiality of Medical Information Act.

26                        PARTIES

27      4.    Plaintiff is, and at all relevant times was, a resident of the County of San

28  Diego, State of California. Plaintiff brings this action individually and on behalf of the

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL: (619) 236-9363
FAX: (619) 236-9653

- 2 -

1    Class of other similarly situated individuals.

2        5.    Defendant Luxottica Group S.p.A. (hereinafter, "Luxottica Group") is an

3    Italian corporation with its corporate headquarters in Milan, Italy. Luxottica Group engages

4    in continuous and regular commercial activity in the State of California, including the

5    County of San Diego, through the manufacture and/or distribution of eyewear to retailers,

6    including Target.

7        6.    Defendant Luxottica Retail North America, LLC ("Luxottica Retail") is an

8    Ohio corporation with its corporate headquarters in Mason, Ohio. Luxottica Retail engages

9    in continuous and regular commercial activity in the State of California, including the

10   County of San Diego, through retail operations on behalf of Luxottica Group.

11       7.    Defendant Target, Inc. (hereinafter, "Target") is a Minnesota corporation

12   with its principal place of business in Minneapolis, Minnesota. Target operates stores

13   throughout the United States, including California, in which it offers eye exams from on-

14   site optometrists and sells prescription eyeglasses and contact lenses. Target operates as a

15   subsidiary of Luxottica Group and was acquired by that entity to increase its retail presence.

16       8.    Does 1 through 100 are fictitious defendants meant to represent the officers,

17   directors, franchisees, shareholders, founders, owners, operators, agents, servants,

18   employees, representatives, and/or independent contractors of Defendants involved in the

19   conduct that gives rise to this Complaint, but whose precise identities are presently

20   unknown to the Plaintiffs. As the true identities of any such individuals are identified,

21   Plaintiff will amend the Complaint to include them. All subsequent references to

22   "Defendants" are intended to include any Doe defendants.

### JURISDICTION & VENUE

24       9.    Original jurisdiction over the subject matter of this case has not been vested

25   with any other court, and therefore this Court has jurisdiction over the subject matter of

26   this case under article VI, section 10, of the California Constitution.

27       10.   Target maintains numerous retail locations throughout the State of

28   California and therefore conducts professional and commercial activities in the State of


THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL: (619) 236-9363
FAX: (619) 236-9653

- 3 -

CLASS ACTION COMPLAINT

1    California on a substantial, continuous, and systemic basis, sufficient to subject them to the

2    general personal jurisdiction of the courts of the State of California.

3        11.    Together, Luxottica Group and Luxottica Retail (hereinafter, collectively,

4    "Luxottica"), form the largest retailer of designer eyewear in the United States, and through

5    Target, own and maintain numerous retail locations throughout the State of California.

6    Accordingly, Luxottica conducts professional and commercial activities in the State of

7    California on a substantial, continuous, and systemic basis, subjecting Luxottica to the

8    general personal jurisdiction of the courts of the State of California.

9        12.    While Defendants are subject to the general personal jurisdiction of the

10   courts of the State of California as set forth in the preceding paragraphs, the claims asserted

11   in this complaint arise out of the Defendants' professional and commercial activities within

12   the State of California, and therefore Defendants are also subject to the specific personal

13   jurisdiction of the courts of the State of California for purposes of this lawsuit.

14       13.    The damages sought by the Class are well in excess of this Court's

15   jurisdictional threshold of $25,000.

16       14.    The claims asserted in this Complaint arise out of acts, transactions, and

17   conduct that occurred with the County of San Diego, and therefore this action is properly

18   venued in the Superior Court for the County of San Diego.

19                            CLASS ALLEGATIONS

20       15.    Plaintiff brings this class action pursuant to Code of Civil Procedure section

21   382 on her own behalf and as a representative of the class of similarly situated individuals.

22   The class is defined to include all individuals who, within four years preceding the filing of

23   this complaint, purchased eye examinations and/or eyewear at a Target store after

24   examination by an optometrist affiliated with the Target store.

25       16.    The joinder of all class members in a single conventional action is

26   impracticable due to the number and geographical diversity of potential claimants. The

27   disposition of these persons' claims in a class action will provide substantial benefits to both

28   the parties and the Court. The class is ascertainable and maintains a sufficient community

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL: (619) 236-9363
FAX: (619) 236-9653

- 4 -

1061456v1

Ex. A, Pg. 14

1   of interest. The rights of each member of the class were violated in a similar fashion based

2   upon Defendants' misconduct.

3       17.   The class representative's claims are typical of the claims of the members of

4   the class because Defendants' wrongful conduct arises out of Defendants' established

5   custom and practice, and thus the class representative and members of the class were

6   damaged by the same wrongful acts in a similar way.

7       18.   Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is

8   unaware of any current or potential conflicts of interest with the prospective class. Plaintiff's

9   interests are coincident with, and not antagonistic to, the interests of the other class

10  members.

11      19.   Plaintiff has retained counsel which are competent and experienced in class-

12  action litigation in general, and consumer class actions of this sort in particular.

13      20.   Questions of law and fact common to the members of the class predominate

14  over questions that may affect only individual members. Among the questions of law and

15  fact common to the entire class are the following:

16      20.1.   Whether Target has violated Business & Professions Code section

17  655 through its operations;

18      20.2.   Whether Target has violated Business & Professions Code section

19  2556 through the nature of its operations;

20      20.3.   Whether Target has violated Business & Professions Code section

21  17200 through the nature of its operations;

22      20.4.   Whether Target has violated Business & Professions Code section

23  17500 through the nature of its operations;

24      20.5.   Whether Target has violated the Consumers' Legal Remedy Act,

25  codified at Civil Code sections 1750, et seq., through the nature of its operations;

26      20.6.   Whether Luxottica has violated Business & Professions Code section

27  2556 through the nature of its operations;

28

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL: (619) 236-9363
FAX: (619) 236-9653

- 5 -

1061456v1

1        20.7.    Whether Luxottica has violated Business & Professions Code section

2    17500 through the nature of its operations;

3        20.8.    Whether Luxottica has violated the Consumers' Legal Remedy Act,

4    codified at Civil Code sections 1750, et seq., through the nature of its operations;

5        20.9.    Whether Luxottica has violated the Consumers' Legal Remedy Act,

6    codified at Civil Code sections 1750, et seq., through the nature of its operations;

7        20.10.  Whether Plaintiff and the members of the class have sustained

8    damages as a result of any or all of the above-described misconduct, and if so, the proper

9    measure of those damages;

10       20.11.  Whether Plaintiff and the members of the class should be awarded

11   punitive damages as a result of any or all of the above-described misconduct, and if so, the

12   proper measure of those damages; and

13       20.12.  Whether Plaintiff and the members of the class are entitled to any

14   equitable relief as a result of any or all of the above-described misconduct, and if so, the

15   nature of that relief.

16       21.    A class action is superior to other methods for the fair and efficient

17   adjudication of this controversy. The class members are so numerous that joinder of all

18   members into a conventional lawsuit is impracticable. A class action will permit a large

19   number of similarly situated persons to simultaneously prosecute their common claims in

20   single forum efficiently and without the duplication of effort and expense that numerous

21   individual actions would entail.  There are no difficulties likely to be encountered in the

22   management of this class action that would preclude it from proceeding as a class action.

23   FACTUAL ALLEGATIONS

24       22.    An "optometrist" is a medical professional who performs eye examinations

25   and writes prescriptions for corrective lenses. To perform these functions in California, an

26   optometrist must hold a valid Doctor of Optometry degree and maintain a valid license

27   from the California Board of Optometry.

28

THORSNES BARTOLOTTA McGUIRE<br>2550 FIFTH AVENUE, 11TH FLOOR<br>SAN DIEGO, CALIFORNIA 92103<br>TEL: (619) 236-9363<br>FAX: (619) 236-9653

THORSNES BARTOLOTTA MCGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL: (619) 236-9363
FAX: (619) 236-9653

23. By contrast, a "dispensing optician" or "optician," is an individual who dispenses prescription eyewear for profit. Notably, opticians do not need any specialized degrees, nor do they need to obtain a professional license. Rather, an optician need only register with the Medical Board of California.

24. California law precludes opticians from conducting eye examinations and writing prescriptions for corrective lenses. (See Bus. & Prof. Code §§ 3041, 3041.2, 3042, 3055.)

25. Since at least 1981, California law has also been understood to prohibit joint franchise or business relationships between retailers of prescription eyewear and optometrists. (See Bus. & Prof. Code §§ 655.) This includes, most notably, a ban on the establishment of so-called "one-stop shops," wherein a corporation arranges for an optometrist to provide eye examinations "on or near" the same retail space where prescription eyewear is sold. (See Bus. & Prof. Code § 2556.)

26. These laws have been the subject of considerable litigation in California, in both state and federal courts. In 2006, the California Supreme Court upheld, in a published opinion, the aforementioned California laws which prohibit the practice of optometry in a retail setting. (See *People v. Cole* (2006) 38 Cal.4th 964.) More recently, the United States Court of Appeals for the Ninth Circuit upheld the same laws against constitutional challenge by, among others, the National Association of Optometrists & Opticians. (See *National Ass'n of Optometrists & Opticians v. Harris* (9th Cir. 2012) 682 F.3d 1144; *National Ass'n of Optometrists & Opticians v. Brown* (9th Cir. 2009) 567 F.3d 521.)

27. These laws are designed to protect the general public from the potential hazards of a combined optometrist-optician operation, on the rationale that such operations may give rise to a situation in which optometrist's professional judgment is influenced by the financial interests of the business as a whole. Accordingly, the California Legislature — like legislatures in most American jurisdictions — long ago determined that optometrists must be insulated from the commercial business of selling eyewear.

1    28.    Despite the above, Target continues to offer customers the ability to obtain

2    both an eye examination from an optometrist and eyewear from an optician in its retail

3    stores, a fact which Target unabashedly advertises on its website, among other places.

4    Indeed, a California resident can book an appointment with an optometrist at a Target

5    store in California simply by visiting Target' website.

6    29.    Target has violated California law by placing optometrists in its retail stores

7    and offering customers the ability to obtain an eye examination and to purchase the

8    resulting prescription eyewear in the same location. Target has further violated California

9    law by creating an atmosphere in which professionally licensed optometrists operate for all

10   practical purposes under the influence and control of Target retail stores. And Target has

11   further violated California law by advertising the joint nature of its optometrist-retail

12   operation.

13   30.    Target's self-serving decision to refer to its optometrists as "Independent

14   Doctors of Optometry" on its website and in its advertising materials not only fails to

15   insulate the company from liability under California law, it actually underscores Target's

16   awareness of, and insecurity about, the illegality of its consolidated optometrist-retail

17   operation.

18   31.    On or about July 2, 2013, Plaintiff Lillian Shallow visited the Target store

19   located at 3245 Sports Arena Boulevard, in San Diego, California, with her mother,

20   Kathleen Shallow. Lillian received an eye examination from Riolan Marbun, O.D., in the

21   same retail space. Dr. Marbun recommended prescription eyewear and delivered, or caused

22   to be delivered, Ms. Shallow's prescription to a Target optician. Ms. Shallow purchased the

23   recommended prescription eyewear before leaving.  The address printed on the exam form

24   is "3245 Sports Arena Blvd., San Diego, CA."

25   32.    Ms. Shallow believes that because of the nature of their joint operation,

26   Defendants are able to charge above-market prices, and therefore Ms. Shallow paid more

27   than she should have for her eyewear and herein alleges that she has sustained financial

28   damage as a result of Defendants' conduct.

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL: (619) 236.9363
FAX: (619) 236.9653

- 8 -

CLASS ACTION COMPLAINT

33. Further, Ms. Shallow would not have agreed to undergo what amounts to an illegal eye examination had she known that Defendants' joint enterprise was illegal and/or the rationales which prompted the California Legislature to ban the practice.

### FIRST CAUSE OF ACTION
*(Violation of Unfair Competition Laws)*

34. Plaintiff incorporates herein each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

35. Defendants' above-described conduct violated California statutory law, including Business & Professions Code sections 2003, 2050, 3010.1, 3041, 3041.2, 3042, and 3055. Consequently, Defendants have engaged in "unlawful" business practices in violation of California's Unfair Competition Act.

36. Defendants' conduct was likely to, and did deceive, the people of the State of California and the general public regarding, among other things, the affiliation/association between the in-house optometrists providing eye exams and the retail establishment selling prescription eyewear. Consequently, Defendants have engaged in fraudulent business practices in violation of California's Unfair Competition Act.

37. The conduct described above offends established public policy in the State of California and is immoral and/or unethical. Consequently, Defendants have engaged in unfair business practices in violation of California's Unfair Competition Act.

38. By the conduct alleged herein, Defendants have caused financial damage to Plaintiff and the class members.

### SECOND CAUSE OF ACTION
*(Violation of Consumer Legal Remedies Act – Against All Defendants)*

39. Plaintiff incorporates herein each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

40. The Consumer Legal Remedies Act ("CLRA"), codified at California Civil Code section 1750, et seq., was designed to protect consumers from unfair and deceptive business practices. To that end, the CLRA sets forth a list of unfair and deceptive business

THORSNES BARTOLOTTA MCGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL: (619) 236-9363
FAX: (619) 236-9653

1   acts and practices that are specifically prohibited in any transaction intended to result in the

2   sale or lease of goods or services to a consumer.

3       41.    Defendants are "persons" within the meaning of Civil Code sections 1770

4   and 1761, subdivision (c). Furthermore, Defendants sell "goods" within the meaning of

5   Civil Code sections 1770 and 1761, subdivision (b).

6       42.    Plaintiff and members of the class were, at all relevant times, "consumers"

7   within the meaning of Civil Code section 1761, subdivision (d).

8       43.    The purchase of eye examinations and/or prescription eyewear from

9   Defendants constitutes a transaction within the meaning of Civil Code sections 1770 and

10  1761, subdivision (e).

11      44.    Defendants violated the CLRA in the following ways:

12          44.1.   By "[p]assing off the goods or services as those of another," in

13  violation of Civil Code section 1770, subdivision (a)(1);

14          44.2.   By "misrepresenting the affiliation, connection, or association with,

15  or certification by, another," in violation of Civil Code section 1770, subdivision (a)(3);

16          44.3.   By representing that the "goods" they transacted had "sponsorship,

17  approval, characteristics, ingredients, uses, benefits, or quantities which they d[id] not

18  have," in violation of Civil Code section 1770, subdivision (a)(5);

19          44.4.   By advertising "goods" with an intent not to sell them as advertised,

20  in violation of Civil Code section 1770, subdivision (a)(9);

21          44.5.   By representing that a transaction confers or involves rights,

22  remedies, or obligations which it does not have or involve, or which are prohibited by law,

23  in violation of Civil Code section 1770, subdivision (a)(14);

24          44.6.   By representing that the subject of a transaction has been supplied in

25  accordance with a previous representation when it has not, in violation of Civil Code

26  section 1770, subdivision (a)(16).

27      45.    Defendants aided and abetted, encouraged and rendered substantial

28  assistance in accomplishing the wrongful conduct and their wrongful goals and other

THORSNES BARTOLOTTA MCGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL. (619) 236-9363
FAX (619) 236-9653

1    wrongdoing complained of herein. In taking actions to aid and abet and substantially assist

2    the commission of these wrongful acts and other wrongdoings complained of, Defendants

3    acted with an awareness of the primary wrongdoing and realized the conduct would

4    substantially assist the accomplishment of the wrongful conduct, wrongful goals, and

5    wrongdoing.

6        46.    Defendants have caused, by this conduct alleged herein, financial damage to

7    Plaintiff and the class members.

8        47.    On September 26, 2013, and in the manner set forth in Civil Code section

9    1782, subdivision (a)(2), Plaintiff notified Defendants of the aforementioned violations of

10   the CLRA and demanded that they take appropriate corrective measures to ameliorate the

11   violations As of the filing of this complaint, Defendants failed to take appropriate corrective

12   measures.

13       48.    Accordingly, pursuant to Civil Code section 1780, subdivision (a), Plaintiff

14   and the class seek the following remedies:

15       48.1.    Actual damages, as provided under Civil Code section 1780,

16   subdivision (a)(1);

17       48.2.    An order of this Court enjoining Defendants from engaging in the

18   methods, acts, and/or practices alleged herein, as provided under Civil Code section 1780,

19   subdivision (a)(2);

20       48.3.    Restitution of property, as provided under Civil Code section 1780,

21   subdivision (a)(3); and

22       48.4.    Punitive damages, as provided under Civil Code section 1780,

23   subdivision (a)(4).

24                 **PRAYER FOR RELIEF**

25       Wherefore, Plaintiffs pray that this action be certified as a class, and that judgment

26   be entered against Defendants, and each of them, jointly and severally, as follows:

27       1.    For compensatory damages, including economic damages, according to proof;

28       2.    For statutory damages, where available;

- 11 -

CLASS ACTION COMPLAINT

THORSNES BARTOLOTTA McGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL: (619) 236-9363
FAX: (619) 236-9653

3. For restitution in an amount to be determined and prove at time of trial;

4. For disgorgement in an amount to be determined and proven at time of trial;

5. For attorneys' fees incurred in the investigation and prosecution of this suit, where applicable;

6. For the costs of litigation and investigation associated with this suit;

7. For punitive damages;

8. For pre-judgment interest at the maximum legal rate on all sums awarded;

9. For injunctive relief;

10. For appointment of a receiver; and

11. For such other relief as the Court deems just and proper.

Dated: October 30, 2013

THORSNES BARTOLOTTA MCGUIRE LLP

By: _____
Kevin F. Quinn
Benjamin I. Siminou

Attorneys for Plaintiff LILLIAN SHALLOW, by and through her Guardian ad Litem, KATHLEEN SHALLOW

THORSNES BARTOLOTTA MCGUIRE
2550 FIFTH AVENUE, 11TH FLOOR
SAN DIEGO, CALIFORNIA 92103
TEL (619) 236-9363
FAX (619) 236-9653

- 12 -

CLASS ACTION COMPLAINT

1061456v1

Ex. A, Pg. 22

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  SANDRA SAN MARTIN, SR. PARALEGAL
Luxottica Retail
4000 Luxottica Place
Mason, OH 45040

SOP Transmittal # **524258709**

213-337-4615 - Telephone

Entity Served:  LUXOTTICA RETAIL NORTH AMERICA INC. (Domestic State: OHIO)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 22 day of January, 2014. The following is a summary of the document(s) received:

1.  **Title of Action:** Lillian Shallow, by and through her Guardian ad Litem, Kathleen Shallow, individually and on behalf of all others similarly situated, Pltf. vs. Target Corporation, etc., et al. including Luxottica Retail North America, LLC, etc., Dfts.

2.  **Document(s) Served:** INJUNCTION,SUMMONS & COMPLAINT
    Other: NOTICE(S)/ATTACHMENT(S)/ADR PACKET(S)

3.  **Court of Jurisdiction/Case Number:** San Diego County - Superior Court - San Diego, CA
    Case # 37201300074398CUMCCCTL

4.  **Amount Claimed, if any:** N/A

5.  **Method of Service:**

    _X_ Personally served by:      _X_ Process Server       ___ Deputy Sheriff        ___ U. S Marshall

    ___ Delivered Via:             ___ Certified Mail        ___ Regular Mail          ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:** 01/22/2014 10:00:00 AM CST

7.  **Appearance/Answer Date:** Earliest Answer Date - Within 30 days after service (See document(s) for additional answer dates)

8.  **Received From:**   Benjamin I. Siminou          9.  **Federal Express Airbill #** 797703577222
    Thomas Bartolotta McGuire LLP
    2550 Fifth Avenue, 11th Floor        10. **Call Made to:** Not required
    San Diego, CA 92103
    619-236-9363

11.  **Special Comments:**
SOP Papers with Transmittal, via Fed Ex 2 Day
Image SOP
Email Notification, SANDRA SAN MARTIN SSANMART@LUXOTTICARETAIL.COM

**NATIONAL REGISTERED AGENTS, INC.**                    CopiesTo:

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** Target Corporation, a Minnesota corporation;
*(AVISO AL DEMANDADO):* Luxottica Group S.p.A., an Italian corporation;
Luxottica Retail North America, LLC, an Ohio corporation; and Does 1 through
100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** Lillian Shallow, by and through her
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Guardian Ad Litem, Kathleen
Shallow, individually, and on behalf of all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/05/2013** at 03:35:26 PM

Clerk of the Superior Court
By Rebecca Vela,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Diego<br>330 West Broadway<br>San Diego, California 92101 | **CASE NUMBER:**<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THORSNES BARTOLOTTA MCGUIRE LLP
2550 Fifth Avenue, Eleventh Floor, San Diego, CA 92103                                           619-236-9363

| DATE:<br>*(Fecha)* | | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Luxottica Retail North America, LLC, an Ohio corporation

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 010313 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

## ELECTRONIC FILING REQUIREMENTS OF THE

## SAN DIEGO SUPERIOR COURT

These requirements are issued pursuant to California Rules of Court ("CRC"), rules 2.250 et seq., Code of Civil Procedure section 1010.6, and San Diego Superior Court General Order: *In re Procedures Regarding Electronically Imaged Court Records, Electronic Filing, and Access to Electronic Court Records*.

**Effective November 1, 2013, documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown.**

It is the duty of the plaintiff (and cross-complainant) to serve a copy of the General Order of the Presiding Department, Order No. 010313, and Electronic Filing Requirements of the San Diego Superior Court with the complaint (and cross-complaint).

### PERMISSIVE eFILING

Effective January 7, 2013, the court allowed subsequent documents to be filed electronically in predetermined non-mandated civil cases in the Central Division by the Soft Launch Authorized Project Participants.

**Effective March 4, 2013,** documents **may be filed electronically** in non-mandated civil cases in the Central Division where either:  (1) the case is first initiated on or after March 4, 2013; or (2)  the case is already pending as of March 3, 2013 and has been imaged by the court.

### MANDATORY eFILING

The case types that shall be subject to mandatory eFiling are: civil class actions; consolidated and coordinated actions where all cases involved are imaged cases; and actions that are provisionally complex under CRC 3.400-3.403 (as set forth in the Civil Cover Sheet, Judicial Council form CM-010 – but not including Construction Defect actions).   "Complex cases" included in mandatory eFiling include Antitrust/Trade Regulation, Mass Tort, Environmental/Toxic Tort, and Securities Litigation cases, as well as insurance coverage claims arising from these case types. Construction Defect cases, currently being electronically filed through File&Serve Xpress (fka LexisNexis File&Serve) website, will continue to be electronically filed through that system until further notice.

For cases of the type subject to mandatory EFiling that are initiated on or after March 4, 2013, all documents **must be filed electronically**, subject to the exceptions set forth below.

For cases of the type subject to mandatory EFiling that are already pending as of March 3, 2013, and provided that the case has been imaged by the court, all documents filed on or after March 4, 2013 **must be filed electronically**, subject to the exceptions set forth below.

A party may request to be excused from mandatory electronic filing requirements. This request must be in writing and may be made by ex parte application to the judge or department to whom the case is assigned. The clerk will not accept or file any documents in paper form that are required to be filed electronically, absent a court order allowing the filing.

Self-represented litigants are not required to EFile in a mandatory EFile case; however, they may EFile if they choose to do so and/or are otherwise ordered to EFile by the court.

### REQUIREMENTS FOR ALL eFILERS

EFile documents can only be filed through the court's Electronic Filing Service Provider (the "Provider"). See www.onelegal.com.

EFilers must comply with CRC 2.250-2.261. Also, all documents electronically filed must be in a pdf format using Adobe Acrobat version 7 or higher that is also a text searchable format, i.e., OCR. The court is unable to accept documents that do not comply with these requirements, or documents that include but are not limited to: digitized signatures, fillable forms, or a negative image.

Documents that contain exhibits must be bookmarked, as set forth on the Provider's site. Documents not so bookmarked are subject to rejection. Moving papers with exhibits that are not bookmarked will be rejected. (See CRC 3.1110(f) with bookmarking being the substitute for plastic tabs in electronically filed documents.)

Exhibits to be considered via a Notice of Lodgment shall not be attached to the electronically filed Notice of Lodgment; instead, the submitting party must provide the assigned department with hard copies of the exhibits with a copy of the Notice of Lodgment that includes the eFiling Transaction ID# noted in the upper right hand corner.

Unless otherwise required by law, per CRC 1.20(b) only the last four digits of a social security or financial account number may be reflected in court case filings. Exclusion or redaction is the responsibility of the filer, not the clerk, CRC 1.20(b)(3). Failure to comply with this requirement may result in monetary sanctions, CRC 2.30(b).

Proposed filings, such as proposed court orders and amended complaints, should be submitted as an exhibit and then re-submitted as a separate and new eFiling

Page 3 of 6

Revised 10-9-13

transaction after the Court has ruled on the matter to which the proposed document applies. See also CRC 3.1312.

Any document filed electronically shall be considered as filed with the Clerk of the Superior Court when it is first transmitted to the vendor and the transmission is completed, except that any document filed on a day that the court is not open for business, or after 5:00 p.m. (Pacific Time) on a day the court is open for business, **shall be deemed to have been filed on the next court day.**

Please be advised that you must schedule a motion hearing date directly with the Independent Calendar Department. A motion filed without an appointment, even when a conformed copy of the filing is provided by the court, is not scheduled and the hearing will not occur.

If a hearing is set within 2 court days of the time documents are electronically filed, litigant(s) must provide hard copies of the documents to the court. Transaction ID numbers must be noted on the documents to the extent it is feasible to do so. Hard copies for Ex Parte hearings must be delivered directly to the department on or before 12 Noon the court day immediately preceding the hearing date.

An original of all documents filed electronically, including original signatures, shall be maintained by the party filing the document, pursuant to CRC 2.257.

**DOCUMENTS INELIGIBLE FOR ELECTRONIC FILING** The following documents are **not eligible for eFiling** in cases subject to either mandatory or permissive filing, and shall be filed in paper form:

- Safe at Home Name Change Petitions
- Civil Harassment TRO/RO
- Workplace Violence TRO/RO
- Elder Abuse TRO/RO
- Transitional Housing Program Misconduct TRO/RO

Page 4 of 6

Revised 10-9-13

- School Violence Prevention TRO/RO
- Out-of-State Commission Subpoena
- Undertaking/Surety Bonds
- Request for Payment of Trust Funds
- Writs
- Notice of Appeal of Labor Commissioner
- Abstracts
- Warrants
- Settlement Conference Briefs (to be lodged)
- Confidential documents lodged conditionally under seal

The following documents **may be filed in paper form**, unless the court expressly directs otherwise:

- Documents filed under seal or provisionally under seal pursuant to CRC 2.551 (although the motion to file under seal itself must be electronically filed)
- Exhibits to declarations that are real objects, i.e., construction materials, core samples, etc. or other documents, i.e. plans, manuals, etc., which otherwise may not be comprehensibly viewed in an electronic format may be filed in paper form

## DOCUMENTS DISPLAYED ON THE PUBLIC-FACING REGISTER OF ACTIONS

Any documents submitted for eFiling (and accepted) will be filed and displayed on the San Diego Superior Court's public-facing Register of Actions with the exception of the following documents:

- CASp Inspection Report
- Confidential Cover Sheet False Claims Action
- Confidential Statement of Debtor's Social Security Number

Page 5 of 6

Revised 10-9-13

- Financial Statement
- Request for Accommodations by Persons with Disabilities and Court's Response
- Defendant/Respondent Information for Order Appointing Attorney Under Service Members Civil Relief Act
- Request to Waive Court Fees
- Request to Waive Additional Court Fees

Documents not included in the list above, that are intended to be kept confidential, should NOT be eFiled with the court.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:   330 W Broadway
MAILING ADDRESS:   330 W Broadway
CITY AND ZIP CODE:   San Diego, CA 92101-3827
BRANCH NAME:   Central
TELEPHONE NUMBER: (619) 450-7075

| | |
|---|---|
| PLAINTIFF(S) / PETITIONER(S):     Lillian Shallow | |
| DEFENDANT(S) / RESPONDENT(S): Target Corporation et.al. | |
| LILLIAM SHALLOW V TARGET CORPORATION [IMAGED] | |

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2013-00074398-CU-MC-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge:  Richard E. L. Strauss                  Department: C-75

**COMPLAINT/PETITION FILED:** 11/05/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/13/2014 | 10:00 am | C-75 | Richard E. L. Strauss |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**NOTICE OF CASE ASSIGNMENT**             Page: 1

Ex. A, Pg. 32

Superior Court of California
County of San Diego

## NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order 010313 at www.sdcourt.ca.gov for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

## Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2

Ex. A, Pg. 33



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER:                              CASE TITLE:

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** *and*
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:  The following community dispute resolution** programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at _www.courtinfo.ca.gov/selfhelp/lowcost_.

---

Ex. A, Pg. 35

Ex. 1, Pg. 42
Attachment 1, Pg. 38

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>STREET ADDRESS:    330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827<br>BRANCH NAME:    Central | |

| |
|---|
| PLAINTIFF(S):    Lillian Shallow |
| DEFENDANT(S):  Target Corporation et al. |
| SHORT TITLE:    LILLIAM SHALLOW V TARGET CORPORATION [IMAGED] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2013-00074398-CU-MC-CTL |
|---|---|

Judge: Richard E. L. Strauss                                      Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                ☐  Non-binding private arbitration

☐  Mediation (private)                              ☐  Binding private arbitration

☐  Voluntary settlement conference (private)    ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                    ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____               Date: _____

_____               _____
Name of Plaintiff                              Name of Defendant

_____               _____
Signature                                      Signature

_____               _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____               _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  11/06/2013                              _____
                                               JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                    Page: 1

# EXHIBIT B

1   Steven D. Allison (CSB No. 174491)
    sallison@crowell.com
2   CROWELL & MORING LLP
    3 Park Plaza, 20th Floor
3   Irvine, CA 92614-8505
    Telephone: 949.263.8400
4   Facsimile: 949.263.8414

5   Gregory D. Call (CSB No. 120483)
    gcall@crowell.com
6   CROWELL & MORING LLP
    275 Battery Street, 23rd Floor
7   San Francisco, CA 94111
    Telephone: 415.986.2800
8   Facsimile: 415.986.2827

9   Attorneys for Defendants Target Corporation
    and Luxottica Retail North America Inc.
10  (erroneously sued as Luxottica Retail North America, LLC)

11
                    UNITED STATES DISTRICT COURT
12
                SOUTHERN DISTRICT OF CALIFORNIA
13

14
    Lillian Shallow, by and through her       Case No.
15  Guardian ad Litem, Kathleen
    Shallow, individually and on behalf        CLASS ACTION
16  of all others similarly situated,
                                               DECLARATION OF KEVIN BOYLE
17                  Plaintiff,                  IN SUPPORT OF NOTICE OF
                                               REMOVAL OF DEFENDANT
18          v.                                 LUXOTTICA RETAIL NORTH
                                               AMERICA INC.
19  Target Corporation, a Minnesota
    corporation; Luxottica Group S.p.A.,       Complaint filed: November 5, 2013
20  an Italian corporation; Luxottica
    Retail North America, LLC, an Ohio
21  corporation; and Does 1 through 100,
    Inclusive.
22
                    Defendant.
23

24  ///

25  ///

26  ///

27  ///

28

CROWELL                                        DECLARATION OF KEVIN BOYLE IN
& MORING LLP                                   SUPPORT OF LRNA'S REMOVAL
ATTORNEYS AT LAW

I, Kevin Boyle declare as follows:

1.      I am over 18 years of age and am competent to testify to the facts herein, which are based upon my personal knowledge or upon information provided to me by others at Luxottica Retail North America Inc. ("LRNA"), erroneously sued as Luxottica Retail North America, LLC.

2.      I am employed by LRNA as the Senior Director of Financial Planning and Merchandise Planning for Target Optical. LRNA operates Target Optical locations pursuant to a contractual relationship with Target Corporation ("Target").

3.      In the course of my duties, I review Target Optical's sales data, including net revenue for all ophthalmic products sold in California.

4.      I, with the assistance of others at LRNA, compiled records of LRNA's sales of ophthalmic products in California. Target Optical's net revenue for all ophthalmic products sold in California well exceeded $5,000,000 in each of the last four years. From January 2010 through August 2010 alone, the net revenue for all ophthalmic products sold in California was approximately $5,322,127. This number reflects only an eight-month period out of the forty-eight months at issue. Further, according to LRNA's records, from January 2010 through August 2010 alone, there were approximately 18,695 purchases of ophthalmic products at Target Optical locations in California based on a prescription from an optometrist located within a Target store. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 6, 2014 at Kissimmee, Florida.

_____
Kevin Boyle

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-

DECLARATION OF KEVIN BOYLE IN
SUPPORT OF LRNA'S REMOVAL

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | |
| 3 | I, Enia A. Castillo, state: |
| 4 | My business address is 3 Park Plaza, 20th Floor, Irvine, CA 92614-8505. I am over the age of eighteen years and not a party to this action. |
| 5 | On the date set forth below, I served the foregoing document(s) described as: |
| 6 | **NOTICE OF REMOVAL OF DEFENDANT LUXOTTICA RETAIL** |
| 7 | **NORTH AMERICA, INC.** |
| 8 | on the following person(s) in this action: |

1    **PROOF OF SERVICE**

2

3    I, Enia A. Castillo, state:

4    My business address is 3 Park Plaza, 20th Floor, Irvine, CA  92614-8505.  I am over the age of eighteen years and not a party to this action.

5    On the date set forth below, I served the foregoing document(s) described as:

6    **NOTICE OF REMOVAL OF DEFENDANT LUXOTTICA RETAIL**
7    **NORTH AMERICA, INC.**

8    on the following person(s) in this action:

9
10       Kevin F. Quinn
         Benajmin I. Siminou
11       Thornes Bartolotta McGuire LLP
         2550 Fifth Avenue, 11th Floor
12       San Diego, California 92103

13       Telephone: 619.236.9363
         Fax: 619.236.9653
14       siminou@tbmlawyers.com

15    ☒    BY FIRST CLASS MAIL:  I am employed in the County of Orange County where the mailing occurred.  I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid.  I placed the envelope or package for collection and mailing, following our ordinary business practice.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

16

17

18

19    I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

20

21    Executed on **February 7, 2014**, at Irvine, California.

22

23                          _Enia A. Castillo_ (signature)

24                          Enia A. Castillo

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

PROOF OF SERVICE

1   Steven D. Allison (CSB No. 174491)
    sallison@crowell.com
2   CROWELL & MORING LLP
    3 Park Plaza, 20th Floor
3   Irvine, CA 92614-8505
    Telephone: 949.263.8400
4   Facsimile: 949.263.8414

5   Gregory D. Call (CSB No. 120483)
    gcall@crowell.com
6   CROWELL & MORING LLP
    275 Battery Street, 23rd Floor
7   San Francisco, CA 94111
    Telephone: 415.986.2800
8   Facsimile: 415.986.2827

9   Attorney for Defendants Target Corporation
    and Luxottica Retail North America Inc.
10  (erroneously sued as Luxottica Retail North America, LLC)

11

12                  UNITED STATES DISTRICT COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14

15  Lillian Shallow, by and through her      Case No.  '14 CV0294 CAB BGS
16  Guardian ad Litem, Kathleen
    Shallow, individually and on behalf      CLASS ACTION
17  of all others similarly situated,
                                             NOTICE OF PARTY WITH
18            Plaintiff,                      FINANCIAL INTEREST IN
                                             DEFENDANT TARGET
19       v.                                  CORPORATION

20  Target Corporation, a Minnesota         [Fed. R. Civ. P. 7.1; Local Rule 40.2]
    corporation; Luxottica Group S.p.A.,    Complaint Filed: November 05, 2013
21  an Italian corporation; Luxottica
    Retail North America, LLC, an Ohio
22  Corporation, and Does 1 through
    100, Inclusive.
23
              Defendant.
24

25  / / /

26  / / /

27  / / /

28  / / /

CROWELL
& MORING LLP
ATTORNEYS AT LAW                             NOTICE OF PARTY WITH FINANCIAL
                                             INTEREST IN DEFENDANT TARGET

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 40.2 of the U.S. District Court for the Southern District of California, the undersigned hereby certifies on behalf of Defendant Target Corporation ("Target") that Target has no parent corporation.  Further, there are no publicly held companies that own 10% or more of Target's stock.

Dated:  February 7, 2014                    CROWELL & MORING LLP


By:   s/ Steven D. Allison
Steven D. Allison
sallison@crowell.com
Attorneys for Defendants
Target Corporation and
Luxottica Retail North America Inc.

-1-                    NOTICE OF PARTY WITH FINANCIAL
INTEREST IN DEFENDANT TARGET

## PROOF OF SERVICE

1

2
I, Enia A. Castillo, state:

3
My business address is 3 Park Plaza, 20th Floor, Irvine, CA 92614-8505. I am over the age of eighteen years and not a party to this action.

4
On the date set forth below, I served the foregoing document(s) described as:

5

6
**NOTICE OF PARTY WITH FINANCIAL INTEREST IN TARGET CORPORATION**

7
on the following person(s) in this action:

8
Kevin F. Quinn
Benajmin I. Siminou
9
Thornes Bartolotta McGuire LLP
2550 Fifth Avenue, 11th Floor
10
San Diego, California 92103

11
Telephone: 619.236.9363
Fax: 619.236.9653
12
siminou@tbmlawyers.com

13
☒     BY FIRST CLASS MAIL:  I am employed in the County of Orange
14
County where the mailing occurred.  I enclosed the document(s) identified above in a sealed envelope or package addressed to the
15
person(s) listed above, with postage fully paid.  I placed the envelope or package for collection and mailing, following our ordinary business
16
practice.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that
17
correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

18
I declare under penalty of perjury under the laws of the United States and the
19
State of California that the foregoing is true and correct.

20
Executed on **February 7, 2014**, at Irvine, California.

21

22
_____
Enia A. Castillo
23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

NOTICE OF PARTY WITH FINANCIAL
INTEREST IN DEFENDANT TARGET

1  Steven D. Allison (CSB No. 174491)
   sallison@crowell.com
2  CROWELL & MORING LLP
   3 Park Plaza, 20th Floor
3  Irvine, CA 92614-8505
   Telephone: 949.263.8400
4  Facsimile: 949.263.8414

5  Gregory D. Call (CSB No. 120483)
   gcall@crowell.com
6  CROWELL & MORING LLP
   275 Battery Street, 23rd Floor
7  San Francisco, CA 94111
   Telephone: 415.986.2800
8  Facsimile: 415.986.2827

9  Attorneys for Defendants Target Corporation
   and Luxottica Retail North America Inc.
10 (erroneously sued as Luxottica Retail North America, LLC)

11                  IN THE UNITED STATES DISTRICT COURT

12                 SOUTHERN DISTRICT OF CALIFORNIA

13

14 | Lillian Shallow, by and through her    Case No.   **'14 CV 0294 CAB BGS**
15   Guardian ad Litem, Kathleen
     Shallow, individually and on behalf   **CLASS ACTION**
16   of all others similarly situated,
                                           **NOTICE OF PARTY WITH**
17                    Plaintiff,           **FINANCIAL INTEREST IN**
                                           **DEFENDANT LUXOTTICA RETAIL**
18              v.                         **NORTH AMERICA INC.**

19  Target Corporation, a Minnesota       **[Fed. R. Civ. P. 7.1; Local Rule 40.2]**
    corporation; Luxottica Group S.p.A.,  **Complaint filed: November 5, 2013**
20  an Italian corporation; Luxottica
    North America, LLC, an Ohio
21  corporation; and Does 1 through 100,
    Inclusive.
22
                     Defendant.
23

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

CROWELL                              NOTICE OF PARTY WITH FINANCIAL
& MORING LLP                          INTEREST IN DEFENDANT LRNA
ATTORNEYS AT LAW

1       Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 40.2 of the

2   U.S. District Court for the Southern District of California, the undersigned hereby

3   certifies on behalf of Defendant Luxottica Retail North America Inc. ("LRNA"),

4   erroneously sued as Luxottica Retail North America, LLC, that LRNA is an indirect

5   wholly owned subsidiary of Luxottica Group, S.p.A., a publicly traded company

6   (NYSE: LUX).

7

8   Dated:  February 7, 2014                CROWELL & MORING LLP

9

10                        By:   *s/ Steven D. Allison*

11                            Steven D. Allison
                        sallison@crowell.com

12                      Attorneys for Defendants
                    Target Corporation and

13          Luxottica Retail North America Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-1-                NOTICE OF PARTY WITH FINANCIAL
INTEREST IN DEFENDANT LRNA

## PROOF OF SERVICE

I, Enia A. Castillo, state:

My business address is 3 Park Plaza, 20th Floor, Irvine, CA 92614-8505. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

**NOTICE OF PARTY WITH FINANCIAL INTEREST IN LUXOTTICA RETAIL NORTH AMERICA INC.**

on the following person(s) in this action:

> Kevin F. Quinn
> Benajmin I. Siminou
> Thornes Bartolotta McGuire LLP
> 2550 Fifth Avenue, 11th Floor
> San Diego, California 92103
>
> Telephone: 619.236.9363
> Fax: 619.236.9653
> siminou@tbmlawyers.com

X    BY FIRST CLASS MAIL:  I am employed in the County of Orange County where the mailing occurred.  I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid.  I placed the envelope or package for collection and mailing, following our ordinary business practice.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on **February 7, 2014**, at Irvine, California.

_____
Enia A. Castillo

CROWELL
& MORING LLP
ATTORNEYS AT LAW

-2-

NOTICE OF PARTY WITH FINANCIAL
INTEREST IN DEFENDANT LRNA

Ex. 1, Pg. 53
Attachment 1, Pg. 49

## PROOF OF SERVICE

I, Enia A. Castillo, state:

My business address is 3 Park Plaza, 20th Floor, Irvine, CA 92614-8505. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

on the following person(s) in this action:

> Kevin F. Quinn
> Benajmin I. Siminou
> Thornes Bartolotta McGuire LLP
> 2550 Fifth Avenue, 11th Floor
> San Diego, California 92103
>
> Telephone: 619.236.9363
> Fax: 619.236.9653
> siminou@tbmlawyers.com

☒   <u>BY FIRST CLASS MAIL</u>: I am employed in the County of Orange County where the mailing occurred. I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid. I placed the envelope or package for collection and mailing, following our ordinary business practice. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on **February 7, 2014**, at Irvine, California.

_Enia A. Castillo_
Enia A. Castillo

## PROOF OF SERVICE

I, Enia A. Castillo, state:

My business address is 3 Park Plaza, 20th Floor, Irvine, CA 92614-8505. I am over the age of eighteen years and not a party to this action.

On the date set forth below, I served the foregoing document(s) described as:

**CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

on the following person(s) in this action:

> Kevin F. Quinn
> Benajmin I. Siminou
> Thornes Bartolotta McGuire LLP
> 2550 Fifth Avenue, 11th Floor
> San Diego, California 92103
>
> Telephone: 619.236.9363
> Fax: 619.236.9653
> siminou@tbmlawyers.com

☒   <u>BY FIRST CLASS MAIL</u>:  I am employed in the County of Orange County where the mailing occurred.  I enclosed the document(s) identified above in a sealed envelope or package addressed to the person(s) listed above, with postage fully paid.  I placed the envelope or package for collection and mailing, following our ordinary business practice.  I am readily familiar with this firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on **February 7, 2014**, at Irvine, California.

_____
Enia A. Castillo