UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN SHALLOW, by and through her Guardian ad Litem, KATHLEEN SHALLOW, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a Minnesota corporation, et. al.,<br><br>Defendant. | Case No.:  14cv00294 JAH-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [Doc. No. 67]** |

## INTRODUCTION

Pending before the Court is Defendant Target Corporation's motion to dismiss (Doc. No. 67).  Defendant seeks dismissal of the Third Amended Complaint ("TAC") in its entirety with prejudice for failure to sufficiently plead any claims against Target.  Plaintiff opposes the motion.  After a thorough review of the pleadings and for the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss.

## LEGAL STANDARD

Rule 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint

lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the Court takes judicial notice. *Lee v. City of Los*

*Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

In the TAC, Plaintiff asserts Defendants Target and Luxottica Retail North America, Inc. ("Luxottica") engaged in fraudulent and unfair business practices in violation of California's Business & Professions Code section 17200, engaged in unfair business practices in violation of California Civil Code 1750, *et seq*, and disseminated false and misleading advertisements throughout the State of California in violation of California's Business & Professions Code section 17500.   Defendant contends Plaintiff's claims are based upon a theory of a misrepresentation or omission, specifically, its supposedly misleading marketing regarding the independence of the optometrists located in Target Optical store locations.   Defendant argues Plaintiff fails to sufficiently allege its involvement in any misrepresentation, that it aided and abetted in any misleading marketing, or that it could be found liable under a nondisclosure or omissions theory of liability.

**I.  Defendant's Participation**

Defendant maintains Plaintiff makes no allegations that it made any statements to her and she fails to identify what advertisements and materials by Target give rise to her false advertising claim.  Her specific allegations, Defendant contends, are limited to her seeing signs within the Target Optical space, an entity separate from Defendant Target, and fail to identify the "who, what, when where and how" about the purportedly fraudulent statement. Defendant argues Plaintiff's allegations fail to meet Rule 8 of the Federal Rules of Civil procedure and the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure. Additionally, Defendant argues Plaintiff's general claims which do not relate to her personal experience are irrelevant as she lacks standing to bring claims for representations upon which she did not rely.  Because Plaintiff does not allege that she

saw or relied on any marketing conducted by Defendant and her general allegations are irrelevant and lack particularity, Defendant argues, all of Plaintiff's causes of action fail and should be dismissed.

Defendant also contends Plaintiff fails to plead it aided and abetted in any allegedly misleading marketing. Defendant maintains Plaintiff makes no factual allegation that it gave substantial assistance or encouragement to Target Optical regarding the relevant marketing, nor does she identify any person or activity that supposedly aided and abetted in such representations. Without any allegations that it gave substantial assistance or encouragement to Target Optical, Defendant argues Plaintiff cannot establish an aiding and abetting theory of liability.

Plaintiff argues the complaint adequately alleges Defendant Target's direct involvement in misleading marketing and points to various allegations in support. She contends these allegations plainly identify the representations and omissions, the time and location of the misrepresentations and why the statements are misrepresentations. Plaintiff further argues the TAC alleges Target gave Luxottica substantial assistance or encouragement by helping Luxottica obtain control over the optometrists' practices through the leases between Target and the optometrists and providing Luxottica the forum to post signs within Target's stores and supplying a steady stream of customers.

In reply, Defendant argues Plaintiff's only allegations that Target made the allegedly false representation upon which she relied are conclusory. Defendant maintains she improperly conflates Luxottica's and Target's actions as acting as a single entity. Defendant contends Plaintiff's factual allegations, as opposed to conclusory ones, make it clear that she alleges Luxottica doing business as Target Optical created or controlled the allegedly misleading signs. Additionally, Defendant argues Plaintiff's conclusory allegations fail to allege "the who, what, when, where, and how" of Target's alleged control, participation, or approval of the purportedly misleading signs Plaintiff saw at the Target Optical store. Defendant also contends Plaintiff provides no legal authority for her contention that Target's lease agreement with Luxottica equates to substantial assistance

because it provided Luxottica the forum in which to post these signs and a steady stream of customers. If Plaintiff's position is adopted, Defendant argues it would essentially render every landlord an "aider and abettor" of its tenants. Defendant also contends Plaintiff's reliance on allegations about Target's financial interest in Luxottica's success, at most, support a purported motive which is insufficient to demonstrate substantial assistance which requires an affirmative act.

Under Rule 8, a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction. . .(2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under Ninth Circuit case law, Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, the basic notice requirements of Rule 9(b) require complaints pleading fraud to set forth "the who, what, when, where, and how" of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, U.S.A., 317 F.3d 1097, 1106 (9th Cir. 2003); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). Second, the Rule requires that the complaint "set forth an explanation as to why the statement or omission complained of was false and misleading." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

In the TAC, Plaintiff alleges Defendants Target and Luxottica operated under a master agreement in which Target leased space to Luxottica to run an optical department inside of Target stores known as "Target Optical." TAC ¶ 21. Pursuant to the master agreement Target signed standard lease agreements with individual optometrists to lease space within the Target Optical location and assigned its rights under the leases to Luxottica. *Id*. ¶¶ 25, 26. Plaintiffs further allege the lease terms allowed Defendants to exert influence and control over the optometrists by controlling material aspects of the

optometrists' practice. *Id.* ¶¶ 31 - 41.  Additionally, Plaintiff alleges Luxottica and Target posted signs immediately adjacent to or inside the Target Optical locations reading "Independent Doctors of Optometry" in large typeface. *Id.* ¶ 45.  She also alleges Target and Luxottica advertised the availability of "Independent Doctors of Optometry" on a webpage maintained by Target Optical. *Id.* ¶ 46.  She further alleges Target intentionally omitted any affirmative disclosures of the fact that the optometrists were subject to its and Luxottica's control and influence regarding material aspects of their practice. *Id.* ¶ 49.

Plaintiff specifically alleges she visited the Target Optical location in the Target store located at 3245 Sports Arena Boulevard, in San Diego, California, with her mother on or about July 2, 2013 and encountered signs in the Target Optical department advertising the availability of eye examinations from an "Independent Doctor of Optometry." *Id.* ¶¶ 53, 54. Based on the statement "Independent Doctor of Optometry" on those signs, Plaintiff alleges she, by and through her mother, expected that she would be examined and treated by a licensed doctor motivated solely by her best interests and who was not subject to the control of any third parties or influenced by any financial incentives. *Id.* ¶ 55.   Instead, she alleges, the optometrist was under Defendants' control and influence because he was a tenant subject to the provisions of a lease agreement providing Defendants control over material aspects of the optometrist's practice. *Id.* ¶¶ 56, 57.

Liability under California's Unfair Competition Law ("UCL") cannot be predicated on vicarious liability but a defendant who participates in the unlawful practices, either directly or by aiding and abetting the principal, may be subject to liability. *People v. Toomey*, 157 Cal.App.3d 1, 14-15 (1984).  Plaintiff sets forth allegations that both Target and Luxottica posted signs in and adjacent to Target optical locations and online advertising "Independent Doctors of Optometry."  She viewed a sign in Target Optical during a visit to a Target store advertising an optometrist as independent and she relied on the statement in purchasing an eye exam.  Plaintiff sufficiently alleges Defendant Target's direct participation in the misrepresentation of the optometrists being independent and satisfies the pleading standards of Rules 8 and 9(b).  The Court is not persuaded by

Plaintiff's unsupported assertion that leasing out space equates to aiding and abetting. However, because Plaintiff sufficiently alleges Defendant Target's direct participation the motion seeking to dismiss for failing to allege Target's participation is DENIED.

**II.  Omission or Nondisclosure**

Defendant argues Plaintiff fails to plead a nondisclosure or omissions theory of liability to support her fraud claim and false advertising claim.  Specifically, Defendant argues Plaintiff fails to allege it owed her a duty to disclose the allegedly concealed fact that the doctors were not independent.  Defendant contends she does not allege any statement by Defendant that it was required to cure and she fails to allege any underlying relationship between Defendant and Plaintiff that would give rise to a fiduciary obligation. Because Plaintiff cannot establish the required duty, Defendant argues, its alleged omissions are not actionable, and Plaintiff's first and third causes of action should be dismissed.

Plaintiff argues the TAC adequately alleges Target violated the UCL and FAL by omission.  She contends a fiduciary relationship is not required to hold Target liable for its omission because she alleges Target made the statement regarding the independent doctors without making necessary qualifiers, namely, the fact that the optometrists were subject to Defendants' control and influence regarding material aspects of their practices and she alleges only Defendants knew the truth about the optometrists.  Additionally, she maintains the TAC alleges Target actively concealed the true nature of the eye exams conducted by the doctors from Plaintiff and the class.

Even if a fiduciary relationship is required, Plaintiff contends she sufficiently alleges one.  She maintains the TAC alleges Target and Luxottica attempted to control the eye exams the optometrists performed, the equipment they could use, and the therapies they offered, and thus engaged in the unlicensed practice of optometry.

In reply, Defendant argues Plaintiff's TAC fails to allege the existence of any relationship between Plaintiff and Target giving rise to a duty to disclose.  Even if she alleged such a relationship, Defendant argues Plaintiff still fails to state a claim for fraud

by omission because Plaintiff fails to allege any acts by Target of "active concealment." Defendant also argues Plaintiff's contention that Target owed her a fiduciary duty because it was somehow her physician fails because a corporate retail store cannot serve as Plaintiff's physician, Plaintiff has never alleged Target entered into a canonical fiduciary relationship with her or knowingly undertook such relationship, and Plaintiff fails to allege conditions giving rise to fiduciary duties owed to patients by medical doctors.

Under California law, a cause of action for fraudulent concealment requires an allegation that the defendant owed a duty to disclose the concealed fact. *See Levine v. Blue Shield of California*, 189 Cal.App.4th 1117, 1126–1127 (2010). "There are four circumstances in which a duty to disclose may arise such that nondisclosure or concealment constitutes actionable fraud: (1) when a fiduciary relationship exists between the parties; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes a partial representation to the plaintiff while suppressing other material facts." *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336 (1997) (citations omitted). "The first circumstance requires a fiduciary relationship; each of the other three 'presupposes the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise.'" *Deteresa v. Am. Broad. Cos.*, 121 F.3d 460, 467 (9th Cir. 1997) (quoting *LiMandri*, 52 Cal.App.4th at 336-7). "Such relationships 'are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances.' Examples are 'seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement.'" *Id.* (quoting *LiMandri*, 52 Cal.App.4th at 337).

Plaintiff fails to allege facts demonstrating a relationship or transaction with Defendant Target to support the failure to disclose theory. Plaintiff's allegations assert Target engaged in a master agreement with Luxottica and lease agreements with individual optometrists, including the optometrist who examined Plaintiff and, through the leases, controlled material aspects of the optometrists' practices. She further alleges Target posted

signs advertising independent doctors of optometry. The TAC does not set forth any allegations showing a transaction or contractual agreement between Plaintiff and Defendant Target. Additionally, there are no facts to support a fiduciary relationship between Plaintiff and Target. The control over the optometrists' practices provided by the leases, which Plaintiff alleges included setting the optometrist's office hours, requiring the optometrist seek consent to bring in optometric equipment, tracking the volume of eye exams performed and requiring consent for advertising, did not result in Target engaging in the unlicensed practice of medicine. The allegations of the TAC fail to demonstrate Target knowingly undertook the obligations of a fiduciary. *See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal.App.4th 226, 246, (2007) (Recognizing imposition of a fiduciary obligation requires a person either knowingly undertakes to act on behalf of and for the benefit of another or enters into a relationship which imposes the duty as a matter of law.). Accordingly, the motion is GRANTED as to Plaintiff's claims based upon nondisclosure or omissions.

Defendant seeks dismissal with prejudice because, it argues, Plaintiff has not and cannot allege any fiduciary relationship between herself and Target that would support any alleged nondisclosure claim. Plaintiff requests leave to amend. Leave to amend a pleading is generally freely granted and is within the discretion of this Court. *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Moreover, leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff failed to allege facts demonstrating a duty to disclose to support their claims based upon a nondisclosure or omission theory despite this Court's prior order and the opportunity to amend to cure the deficiency noted. The Court finds this demonstrates Plaintiffs are unable to allege facts to support their failure to disclose theory. Accordingly, the claims based upon the nondisclosure theory are dismissed without leave to amend.

# CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Defendants' motion to dismiss is **GRANTED in part and DENIED in part**. The motion is **GRANTED** as to Plaintiff's claims based upon nondisclosure or omissions. The claims are **DISMISSED with prejudice**. The motion is otherwise **DENIED.**

DATED:     February 4, 2021

_____
JOHN A. HOUSTON
United States District Judge